IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-16-0170-11 |
| | § | |
| KHALIL MUNIER KHALIL | § | |

MEMORANDUM OPINION AND ORDER

Defendant Khalil Munier Khalil, a federal prisoner proceeding pro se, filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(C)(1)(A). (Docket Entry No. 707.) Having considered the motion, the record, matters of public record, and the applicable law, the Court DENIES the motion for compassionate release, as explained below.

Background

Defendant is a 45-year-old male prisoner currently confined at the Bureau of Prisons ("BOP") Beaumont Low FCI in Beaumont, Texas. Defendant pleaded guilty pursuant to a written plea agreement on October 26, 2017, to one count of conspiracy to possess with intent to distribute a schedule I controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). The Court sentenced defendant to 135 month's incarceration on November 28, 2018, followed by a three-year term of supervised release. Defendant commenced serving his sentence on January 3, 2019, pursuant to an agreement for

voluntary surrender. Defendant has served 26 months, or approximately 19%, of the sentence imposed by this Court.

As extraordinary and compelling reasons for a compassionate release, defendant reports that his elderly parents have numerous medical problems, and that his adult son has muscular dystrophy. Defendant asks the Court to grant his motion, reduce his sentence to time served, and order a term of supervised release not to exceed the balance of his remaining sentence.

## Legal Standards

Defendant brings his motion for a sentence reduction and compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which allows a court in its discretion to modify a sentence under certain circumstances. Under the current version of the statute, a motion may be made by either the Director of the BOP or by a prisoner after the prisoner has fully exhausted his administrative rights. 18 U.S.C. § 3582(c)(1)(A).

Compassionate release under section 3582(c)(1)(A) authorizes a court to modify a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction," and that "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §§ 3582(c)(1)(A), (A)(i).

The Sentencing Commission has addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. See

U.S.S.G. § 1B1.13.[1] The relevant policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction, based on terminal medical conditions, age, family circumstances, and "other reasons." U.S.S.G. § 1B1.13, Application Note 1. However, the court's reference to the Guidelines is only one step in its own determination of whether extraordinary and compelling reasons warrant a reduction of a defendant's sentence. The court is free to determine whether a defendant's particular medical condition constitutes extraordinary and compelling reasons for a compassionate release. See United States v. Gonzalez, 819 F. App'x 283, 284 (5th Cir. Sept. 4, 2020); United States v. Hernandez, 645 F.3d 709, 712 (5th Cir. 2011) ("[T]he decision whether to ultimately grant a modification is left to the sound discretion of the trial court."). A defendant in a motion brought under section 3582(c)(1)(A) has the burden to establish that relief is warranted in his case.

The court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. The court must base its decision on "a thorough factual record" and "must provide specific factual reasons, including but not limited to due consideration of the § 3553(a) factors, for its decision." United States v. Chambliss, 948 F.3d 691, 693 (5th Cir. 2020). These factors include the nature and circumstances of the offense; the

---

[1] The Fifth Circuit Court of Appeals has not determined whether Sentencing Guideline § 1B1.13 applies to motions for compassionate release, and recognizes that there is a split of authority as to the issue. See, e.g., United States v. Gowdy, 832 F. App'x 325, 327 (5th Cir. Dec. 28, 2020).

history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training, medical care, or other treatment in the most effective manner. 18 U.S.C. § 3553(a). The policy statement recognizes that the sentencing court "is in a unique position to determine whether the circumstances warrant a reduction . . . after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement[.]" U.S.S.G. § 1B1.13 cmt. 4.

Moreover, Sentencing Guideline section 1B1.13(2) authorizes a sentence reduction only if the defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)."

Thus, a defendant may be eligible for compassionate release under section 3582(c)(1)(A) if the court finds "extraordinary and compelling reasons" to warrant a sentence reduction, the defendant is found not to pose a risk of danger to the community, and a sentence reduction is consistent with United States Sentence Commission policy statements.

Analysis

Exhaustion

Defendant states in his motion that his "attempts to obtain BOP agreement to release him have not succeeded." Id., p. 4. His first administrative request for a compassionate

4

release, dated January 11, 2021, was rejected by prison officials as non-compliant. Id., pp. 23–27, 30. Defendant states that he has not received a response to his second attempt, dated February 1, 2021. Id., pp. 28–29. The Court accepts defendant's allegation that he exhausted his administrative remedies prior to filing the pending motion.

Extraordinary and Compelling Reasons

Defendant asserts entitlement to a compassionate release based on his elderly parents' medical problems and those of his adult son who has muscular dystrophy. He states that these three family members live in one house in Houston, and that his younger sister, Manar, has been taking care of them. The Court notes that these family issues existed at the time of defendant's sentencing and were set out in his PSR. (Docket Entry No. 503, ¶¶ 64, 65.) However, defendant claims that "emergency relief" is now needed because Manar will be getting married "soon" and moving away. The Court is not persuaded by this assertion. Defendant made this very same allegation over three years ago on February 13, 2018, for purposes of his PSR: "[H]is sister, Manar, is not working and is getting married soon." (Docket Entry No. 503, ¶ 64.)

Moreover, defendant makes no claim that he is the only person in his family who can provide care for his parents and son. To the contrary, defendant's PSR indicated that he has four younger sisters and a wife who all reside in the Houston area. Defendant proffers no reason why his younger sisters and/or wife cannot provide care for the parents and disabled son.

5

No extraordinary and compelling reasons for a compassionate release are shown by defendant's circumstances. Nevertheless, the Court will also consider the additional factors under 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a), below.

Danger to the Community

The Court does not find that defendant would remain a danger to the community if released from incarceration at this time.

Sentencing Factors

Defendant has served less than 20% of his sentence, and reducing his sentence to time served would not promote respect for the law, provide just punishment, or afford adequate deterrence. See United States v. Thompson, 984 F.3d 431, 2021 WL 37493, at *3 (5th Cir. 2021) (noting that compassionate release is generally granted only for defendants "who had already served the lion's share of their sentences").

Conclusion

For these reasons, defendant's motion for compassionate release (Docket Entry No. 707) is DENIED.

Signed at Houston, Texas, on April 16, 2021.

_____
Gray H. Miller
Senior United States District Judge